UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
CASE NO 16-23154-cv-COOKE/TORRES

BERNABE MOLINA JACINTO, and all
others similarly situated,

    Plaintiff,

v.

MYSTIC GARDENS LAW CONTRACTORS, INC.,
MYSTIC GARDENS LAW SERVICES, INC.,
MYSTIC GARDENS PROPERTIES, LLC,
HELINEL MONTENEGRO, and
ANNIA DOMINGUEZ,

    Defendants .
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, MYSTIC GARDENS LAWN CONTRACTORS, INC., ("MGLC") MYSTIC GARDENS LAWN SERVICES, INC., ("MGLS"), MYSTIC GARDENS PROPERTIES, LLC, ("MGP"), HELINEL MONTENEGRO ("MONTENEGRO") and ANNIA DOMINGUEZ ("DOMINGUEZ") individually, through undersigned counsel, state the following in answer to, and in defense of the Complaint:

    1.    Defendants admit that Plaintiff purports to bring a cause of action under the FLSA for unpaid overtime and minimum wages but deny that he has such claim.

    2.    Defendants are without knowledge of the allegations of paragraph 2.

3. Defendant MGLC admits that it is a corporation that regularly transacts business in Miami Dade County and that it is subject to the FLSA. Defendants deny the remaining allegations of ¶ 3.

4. Defendant MGLS admits that it is a corporation that regularly transacts business in Miami Dade County and that it is subject to the FLSA. Defendants deny the remaining allegations of ¶ 4.

5. Defendant MGP admits that it is a company. Defendants deny the remaining allegations of ¶5.

6. Defendant MONTENEGRO admits that he is an officer of both MGLC and MGLS. MONTENEGRO admits that he is a member of MGP. MONTENEGRO admits that he ran the day to day operations of MGLS., was responsible for paying Plaintiff's wages and for setting his scheduling. MONTENEGRO admits being an employer as that term is defined under the FLSA. Defendants deny the remaining allegations in ¶6.

7. Defendant DOMINGUEZ admits that she is an officer of both MGLC and MGLS. DOMINGUEZ admits that she is a member of MGP. Defendants deny the remaining allegations of ¶7.

8. All defendants are without knowledge the allegations of ¶8.

## COUNT I

9. Defendants admit that Plaintiff purports to bring a collective action under 29 USC §216(b) but deny that he has any such claim. All remaining allegations in ¶9 are denied.

10. Defendants admit the Court has subject matter jurisdiction under 29 U.S.C. §216(b) but deny that Plaintiff has a claim subject to 29 U.S.C. § 216(b) and there is a factual basis to exercise jurisdiction in this case.

11. ¶ 11 contains a conclusion of law to which no response is required. To the extent that Plaintiff purports to state a portion of the FLSA, Defendants refer the Court to the exact wording of the cited statute.

12. MGLS admits that Plaintiff worked for it as a landscaper. Defendants deny all other the allegations of ¶ 12.

13. ¶13 is denied.

14. MGLS and MONTENEGRO admit that they employ two or more employees. MGLC admits that it employs two or more employees but never employed Plaintiff. Defendants deny all other allegations in ¶14. .

15. MGLS and MGLC admit ¶ 15. Defendants deny all other allegations of ¶15.

16. MGLS and MGLC admit ¶16. Defendants deny all other allegations in ¶16.

17. ¶17 is denied.

18. ¶18 is denied.

19. ¶ 19 is admitted.

20. ¶ 20 is denied.

21. ¶ 21 is denied.

22. ¶ 22 is denied.

## AFFIRMATIVE DEFENSES

23. <u>First Affirmative Defense</u>.    Plaintiff fails to state a cause of action upon which relief can be granted since neither Defendants nor Plaintiff were involved in interstate commerce.

24  <u>Second Affirmative Defense</u>. Plaintiff is barred from seeking overtime wages for time which is not "work time" under the Portal to Portal Act.

25. <u>Third Affirmative Defense</u>.   Plaintiff is barred from seeking damages for work performed two years prior to filing his Complaint..

26. <u>Fourth Affirmative Defense</u>.    Plaintiff's claims, if any, are *de minimus*

27. <u>Fifth Affirmative Defense</u>.  Plaintiff is not entitled to be compensated for time spent premises attributable to personal pursuits that have no connection with Defendants' business.

28. <u>Sixth Affirmative Defense</u>.   Defendants (or any of them) are not liable for Plaintiff's accrual of overtime that they were not aware and never informed of and further did not suffer or permit Plaintiff to work overtime.

29. <u>Seventh Affirmative Defense.</u>   Defendants (or any of them) acted in good faith, did not knowingly or willfully disregard their obligations under the FLSA and therefore are entitled to the protections of the Portal to Portal Act.

Defendants deny any matter in the Complaint which is not answered and further reserve the right to raise additional defenses as discovery may reveal.

WHEREFORE,    Defendants MGLS, MGLC, MGP, MONTENEGRO and DOMINGUEZ respectfully request the Court to dismiss this action with prejudice and to award them their fees and costs and such other relief as the Court deems fit and proper.

        Respectfully Submitted,

        LANGBEIN & LANGBEIN, P.A.
        Counsel for the Defendants
        8181 NW 154th Street, Suite 105
        Miami Lakes, FL 33016
        Tel:  (305) 556-3663
        Fax: (305) 556-3647

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on August 16, 2016 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list:

        By:   _Leslie W. Langbein,_
             Leslie W. Langbein, Esq.
             Fla. Bar No. 305391

## SERVICE LIST

J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: zabogado@aol.com
Attorney for the Plaintiff